# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FOURTH DISTRICT—FEBRUARY TERM, 1895.

## Charles Pope Glucose Company v. Timothy J. Byrne.

1. QUESTIONS OF FACT—*Duty of the Jury.*—In an action for personal injuries, where the evidence upon the question of the plaintiff's care for his personal safety in performing the work for the defendant is conflicting, it is the duty of the jury to settle the conflict and find from the evidence what the real fact is, and this duty the court will assume the jury fairly performed.

2. MASTER AND SERVANT—*Selection of Servants in the Same Branch of Service.*—A servant is not bound to investigate and ascertain at his peril whether the common master has used reasonable care in the selection of those employed in the same branch of service, but on the contrary, the servant is warranted in assuming that his employer has discharged his duty in this respect, and until notice to the contrary, he can act upon such assumption.

3. NEGLIGENCE—*Of a Fellow-Servant—The Risk Qualified.*—The risk as to the negligence of a fellow-servant is subject to the qualification that the master is not knowingly to employ or retain incompetent co-servants; the extra hazard resulting from the master's failure to perform this duty to his employe does not come within the risk which the latter assumes.

4. EMPLOYE'S RISK—*Fellow-Servants—Master's Duty.*—An employe presumably assumes the risks arising from the careless or wrongful acts of fellow-servants, but such assumption is subject to the implied undertaking of the master to use reasonable care in employing competent and prudent co-employes, and when the master fails in this respect, the risks resulting from such failure are extra hazardous and are not

among the risks an employe assumes as a part of his contract, and
the master can not screen himself upon the ground that he did not know
of the incompetency of the servant whose negligence caused an injury
to his fellow-servant, if he might have known it by the exercise of rea-
sonable care and caution.

**Trespass on the Case,** for personal injuries. Appeal from the Cir-
cuit Court of Madison County; the Hon. BENJAMIN R. BURROUGHS,
Judge, presiding. Heard at the February term, 1895, of this court.
Affirmed. Opinion filed July 1, 1895.

TRAVOUS & WARNOCK, attorneys for appellant.

HADLEY & BURTON, attorneys for appellee.

MR. JUSTICE GREEN DELIVERED THE OPINION OF THE COURT.

The jury in this case found defendant guilty of the negli-
gence charged in the third and fourth counts of the decla-
ration, and assessed plaintiff's damages at $514. For this
amount and costs, judgment was entered, to reverse which
defendant took this appeal. In the third count it is averred
that defendant possessed and operated a factory with
machinery therein, and plaintiff was employed by defendant
to do certain work as a " steam fitter," by putting in, meas-
uring, jointing, fitting and adjusting certain steam pipes in
said factory, and it became and was defendant's duty to
employ and furnish capable, competent and careful servants
to assist plaintiff in performing the work. But that defend-
ant did not regard its duty and negligently failed to employ
and furnish capable, competent and careful servants to assist
plaintiff in said work to be by him and said helpers per-
formed; on the contrary, employed and furnished as such
assistant and helper one Jesse Armintraut, an inexperienced,
incapable and careless servant, a stranger to plaintiff, wholly
inexperienced in the work about to be done, known by
defendant to be such. By means whereof, plaintiff, while
engaged in doing said work as a steam fitter for defendant,
with due care and caution for his own safety, through the
negligence of said inexperienced, incapable, incompetent and
careless servant was injured, a part of his left hand crushed

and a part of his thumb torn off by a piece of iron steam pipe then and there in the hands of said Armintraut, being carelessly and negligently allowed to get into the wheels of certain machinery in said factory, and driven through and hurled against plaintiff's left hand, crushing it as aforesaid. It is then averred plaintiff necessarily laid out and expended $100 for medical services, suffered great pain, was sick and disabled, and was hindered and prevented from attending his duty and deprived of gains he might have made and acquired. The fourth count is in substance like the third, except that the averments of defendant's knowledge and plaintiff's lack of knowledge of the incompetency of the helper are omitted.

The evidence upon the question of plaintiff's care for his personal safety, in performing the work for defendant, was conflicting, and it was the duty of the jury to settle this conflict and find from the evidence what the real fact was in this regard. This duty, we assume, they fairly performed, and settled the question in favor of plaintiff. There was sufficient evidence to justify the finding that plaintiff did exercise such care, and was not injured by reason of his failure to perform this duty. But that his injury resulted from the negligence of the helper furnished by defendant while assisting plaintiff, by carelessly handling a piece of steam pipe used in measuring, in such a way that it struck against a pulley or wheel, and was thereby thrown against and injured plaintiff's hand, as charged in the declaration. It was further shown by the evidence that plaintiff was required to do his work expeditiously while the machinery was in motion. That he needed a careful and competent helper to assist him is fully proven, and among other things necessary for such helper to know and do, were how to carefully handle the piece of pipe used in measuring, and obey the orders of plaintiff in respect thereto. In this he failed, and the jury had the right to infer from the evidence such failure was attributable to his incompetency, want of experience and ignorance of the duties required of a helper. He was an ordinary laborer, and known to be such by the

officers of appellant who employed him to assist appellee, and they knew, or by the exercise of that care and diligence required by the law, might have known, he was inexperienced and totally incompetent to perform the responsible duty assigned him.

The law applicable to the facts in this case is that appellee was not bound to investigate and find out at his peril whether the common master had used reasonable care in the selection of those employed in the same branch of service, but on the contrary he was warranted in assuming his employer had discharged his duty in that respect, and until notice to the contrary was brought home to him, he could act upon such assumption.

The risk as to the negligence of a fellow-servant is subject to the qualification that the master is not knowingly to employ or retain incompetent co-servants. The extra hazard resulting from the master's failure to perform this duty to his employe, does not come within the risk the latter assumes. U. S. Rolling Stock Co. v. Wilder, 116 Ill. 100.

In Consolidated Coal Co. v. Haenni, 146 Ill. 623, citing and approving this case in 116 Ill., it is said, an employe presumably assumes the risks arising from the careless or wrongful acts of fellow-servants, but the assumption of such risks, so arising, is subject to the implied undertaking of the master to perform the duty imposed by law, to use all reasonable care to furnish and employ competent and prudent co-employes, and when the master fails in the performance of such duty, the risks resulting from such failure are extra hazardous, and are not among the risks the employe assumes as a part of his contract, and the master can not screen himself from liability upon the ground he did not know of the incompetency of the servant whose negligence caused injury to his fellow-servant, if he might have known it by the exercise of reasonable care and caution. It follows, then, that under the facts, as the jury were warranted by the evidence in finding, appellant was legally liable to respond in damages for the injuries caused by the negligence of his fellow-servant.

We have also carefully examined plaintiff's instructions complained of, and find no serious objection to them. They state the law correctly as applied to the facts, and taken in connection with the very favorable instructions given on behalf of the defendant, we are of opinion the jury were not misled or misinformed as to the law. We perceive no error in the ruling of the court in admitting the evidence for plaintiff which was objected to, or in refusing to admit the evidence offered on behalf of defendant. As to the infirmity of the fourth count, in omitting the averments of knowledge by defendant, and want of knowledge by plaintiff, of Armintraut's incompetency, if advantage of such omission was desired to be availed of, defendant should have abided by its demurrer, and not have tendered an issue.

Moreover, the third count fully avers that which is so omitted, and where there is one good count sustained by the proof, the verdict will be sustained. In our judgment the verdict was right in view of the law and the evidence, and the court did not err in refusing to set it aside and in entering the judgment complained of.

The judgment is therefore affirmed.